**George H. Schneider v. Vermont Employment Security Board**

[333 A.2d 104]

No. 62-74

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed February 4, 1975

*Corsones & Griffin,* Rutland, for George H. Schneider.

*Bishop & Crowley,* Rutland, for Green Mountain Businesses, Inc., d/b/a Dunkin' Donuts.

*Raymond S. Fitzpatrick, Esq.,* for Department of Employment Security.

Larrow, J. The appellant in this cause is Green Mountain Businesses, Inc., d/b/a Dunkin Donuts, of Rutland. It appeals from the findings and order of the Employment Security Board favorable to its employee, the claimant George H. Schneider. That board found, in agreement with previous findings of its claims examiner and its appeals referee, that the claimant was not disqualified for unemployment benefits, having left his last employing unit for good cause attributable to the employer.

The statutory provision in effect when this claim arose was contained in 21 V.S.A. § 1344(1). So far as pertinent that section read:

An individual shall be disqualified for benefits:

(1) When he has left the employ of his last employing

unit voluntarily without good cause attributable to such employing unit. . . .

While appellant asserts in its brief that the findings below are not supported by the evidence, it draws our attention to no specific instance of such alleged shortage. Not being briefed, this claim of error is waived. *Dindo* v. *Denton*, 130 Vt. 98, 287 A.2d 546 (1972) ; *Appeal of Fowler*, 130 Vt. 76, 288 A.2d 463 (1972). Even without benefit of this rule, an examination of the references to the record below briefed by the appellees shows the findings to have ample evidentiary support. The issues here presented are thus narrowed to whether the findings support the conclusions, and the conclusions the decision of the board.

As pointed out by then Justice Barney in *Willard* v. *Unemployment Comp. Comm.*, 122 Vt. 398, 173 A.2d 843 (1961), and again in *In re Gray*, 127 Vt. 303, 248 A.2d 693 (1968), the object of unemployment compensation legislation is to assist members of the working force who are made jobless by operations of the economy over which they have no control, and evaluations are to be made by the fact-finding body in the light of this remedial and beneficial purpose. Under the quoted statute, an employee who leaves the employment for good cause attributable to the employer is considered to be jobless within the benefit provisions of the legislation. A decision to this effect, particularly when unchallenged as to its factual basis, must be accorded great weight in this Court.

> This decision is considered to have been made, as it should be, in the light of the statutory purposes. Our review of the matter can overturn the result, in the absence of any other defects, only when the established facts do not support the result reached, or compel a different result as a matter of law. *In re Gray, supra*, 127 Vt. at 305.

We do not consider a lengthy recitation of the facts involved here, as found, to be particularly helpful. The claimant's wife was the niece of the employer's president, who was also its operating head and substantial owner. Family relationships had a bearing on his initial hiring, and subsequent

difficulties arose. Accused without any justification found below of absenting himself from the state on time off when he knew that another employee, for whom he should substitute, would not show up for work, the claimant was given a written "final warning" on a Tuesday, told he was fired, then asked to report for work that night. He did so. That Friday, claimant's wife received a long letter, highly critical of both herself and the claimant, from the employer's president, who also sent a copy of the letter to the claimant's mother-in-law. As a result of this letter, the claimant resigned.

Three times the triers of fact below have concluded that the recited facts made claimant's resignation one for good cause attributable to his employing unit. Appellant would ask us to hold this conclusion unsupportable, as a matter of law. It cites us to several cases purporting to support such a result, but we do not find them persuasive. In general, they hold that arguments with supervisors, reprimands on the job and justified criticism of performance do not amount to good cause. We have no quarrel with such holdings, but none of the cases cited involve the personal unpleasantries outside the employment scene represented by the letter to claimant's wife and his mother-in-law. Criticism of employee performance is one thing, but extending that criticism to his wife and to her conduct, involving at the same time the wife's mother, is quite another. The board found this to be appellant's real reason for quitting, not his having another job in prospect, and its finding is amply supported.

█ The judgment below is entitled to strong credence, as within the particular province of a regulatory board with recognized competence and expertise. *In re New England Tel. & Tel. Co.*, 131 Vt. 470, 472, 307 A.2d 783 (1973). And even absent this rule, we would incline to agree with the result below. The unchallenged findings below support the conclusions reached, and the conclusions support the order made. Affirmance is required.

*The order of the Vermont Employment Security Board awarding benefits to the claimant is affirmed.*