### Richard Kuhn v. Department of Employment Security

[357 A.2d 534]

No. 291-75

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed April 6, 1976

*Zander B. Rubin,* Vermont Legal Aid, Inc., St. Johnsbury, for Claimant.

*Bernasconi and Koch,* Barre, for Employer.

*Raymond S. Fitzpatrick,* Montpelier, for Department of Employment Security.

**Larrow, J.** This is an appeal, taken by the employer, from a decision of the Employment Security Board awarding unemployment compensation benefits to the claimant Richard Kuhn. The Board's decision reversed prior rulings of the claims examiner and of the referee holding claimant disqualified because of misconduct connected with his work under 21 V.S.A. § 1344(a)(1).

■ At the outset, we will treat of appellant's claim, raised here for the first time, that the claimant should be disqualified from benefits because he violated 21 V.S.A. § 1344 (a)(2)(A) by leaving his employment voluntarily without good cause attributable to his employing unit. The Board found, upon ample evidence, that the claimant's employment was terminated, which we can only interpret as a firing rather than a quit. Beyond that, however, we have long adhered to the general rule that points not made or urged below will not be considered for the first time on appeal. *LaFountain* v. *Vermont Employment Security Board,* 133 Vt. 42, 48, 330 A.2d 468 (1974). This claim of error cannot be sustained.

The facts found by the Board are not disputed, and are somewhat unique. Appellant claims that upon these facts a finding of misconduct is mandated. The Board, correctly viewing such finding as a disqualification needing affirmative establishment, concluded that it was unable to so find, and ruled with the claimant.

■ Claimant's last employment was with Rinker's Incorporated as assistant manager of a filling station. This employment was terminated June 13, 1975. In the fall of 1974, to increase business, the employer requested all his employees to get a Vermont motor vehicle inspector's license. This requires passing a state examination, which claimant had already taken twice and failed to pass. In May 1975, the employees

were given two weeks to comply or be discharged. A two week extension of this time was granted to some other employees. Claimant refused to take the examination, based on his belief that he was not qualified to be a motor vehicle inspector and that he did not want to accept the responsibility or liability for certifying motor vehicles safe for highway operation. As a result of his decision, his employment was terminated.

Appellant concedes the general tenor of our prior holdings to be that misconduct must be affirmatively shown, and that it involves a "substantial disregard of the employer's interest, either wilful or culpably negligent." *In re Therrien*, 132 Vt. 535, 537, 325 A.2d 357 (1974). By arguing for reversal, appellant in effect says that we should substitute our own conclusions for those of the Board, because they are not supported by its findings. *In re Therrien, supra.* Put otherwise, the argument is that a conclusion of misconduct is mandated by the Board's findings. We cannot agree.

As we pointed out in *Therrien*, there is a clear-cut distinction between conduct which may be legitimate grounds for discharge and that which constitutes misconduct. The distinction is an essential one. Misconduct is grounds for discharge, but there are many such grounds which are not misconduct. The Board here correctly found that the employer had the prerogative of setting the qualifications for individuals it would employ, and, by implication, the right to discharge for non-compliance. But it did not find the wilful disregard of the employer's interest by the claimant which is required for a finding of misconduct and the imposition of the statutory penalty.

Appellant argues that this wilful disregard is a compelled finding because of the claimant's refusal to take the test for the third time. It cites *Millersville State College* v. *Commonwealth, Unemployment Comp. Board,* 18 Pa. Cmwlth. 238, 335 A.2d 857 (1975), for this proposition. We do not find that case persuasive. It involved a deliberate refusal, without good reason, to pursue doctrinal studies which had been laid down as an employment condition by the employer prior to claimant's employment. In this case, the condition, however reasonable, was laid down long after claimant was initially employed, and his reason for non-compliance was a belief, assumed to be sincere in the absence of a contrary finding, that he was not

qualified for and did not want to take on the responsibility or liability for certifying the safety of motor vehicles. The Board's findings and the necessary inferences from them clearly support the actions of the claimant as taken in good faith. So taken, they evidence a responsible position on his part, taken in the best interests of society in general, as he argues. The refusal of the Board as trier of the facts to find misconduct on the part of the claimant, supported as it is by legitimate evidence fairly and reasonably tending to sustain it, must be affirmed. *In re Hatch,* 130 Vt. 248, 257, 290 A.2d 180 (1972). Our conclusion in this respect is strengthened by the "recognized competence and expertise" with which we credit a regulatory body. *Schneider* v. *Vermont Employment Security Board,* 133 Vt. 187, 190, 333 A.2d 104 (1975).

*The order of the Vermont Employment Security Board awarding benefits to the claimant is affirmed.*