## David St. Francis v. Department of Social Welfare

[360 A.2d 94]

No. 181-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed June 1, 1976

*Douglas L. Molde,* Vermont Legal Aid, Inc., St. Albans, for Plaintiff.

*M. Jerome Diamond,* Attorney General and *David H. Greenberg,* Assistant Attorney General, Montpelier, for Defendant.

**Larrow, J.** Appellant in this case, David St. Francis, appeals from a determination by the Human Services Board that he is not incapacitated for purposes of qualifying for the Aid to Needy Families With Children Program (ANFC) ad-

ministered by the Social Welfare Department under 33 V.S.A. § 2504(b)(1)(B). The question certified for our review is whether he is incapacitated and, therefore, entitled to benefits under that program. All other elements for eligibility are concededly present, so that the question of incapacity is controlling. Appellant contends that the evidence before the Board "overwhelmingly supports a determination contrary to that reached by it" within the holding of *In re Willey*, 133 Vt. 593, 597, 350 A.2d 353 (1975). We agree, and therefore reverse.

Appellant is 21, unmarried with two children. The Board found him to be polite and cooperative, but slow to understand and difficult to talk to. His education ended in the lower grades. He scored 57 on a recent I.Q. test, classified as mild retardation. His limitations are illustrated by failure to apply for one job because he did not know how to find the street. He can sign his name, but is practically illiterate, even after several years in special education classes. A consulting psychiatrist reported him "significantly incapacitated for employment because of his poor education and apparently inadequate level of functioning." The Board reviewed his history of employment, consisting almost entirely of part time jobs as a garbage collector, and concluded:

> Petitioner has a mental condition that limits his capacity to work, but the board is not persuaded that that is the cause of his unemployment. It appears that he is out of work because he chose to leave his last job and has done little to find another one.

While denying him ANFC benefits, the Board approved him for rehabilitation training.

Where the Board secured the information that appellant left his last job voluntarily is not apparent from the record. The only evidence of voluntary quit is contained in a psychological evaluation report that speaks of employment some two years prior, not the "last summer" referred to in the findings. To the contrary, appellant maintains in his application that his employer "didn't call me any more." His social worker, closely familiar with him and his situation, testified that "his employment with these people had been more or less on a basis of if they needed him they called him." In summary,

there is no credible evidence in the record which reflects the type of employment history the Board used to support a conclusion that the appellant is employable because of a long record of employment. The record, to the contrary, shows a sporadic, substandard employment, at very low income, which reflects more a willingness to accept any menial task rather than an ability to satisfactorily hold a position, even one in that category.

The Board evidently relied in part upon testimony of a social worker that appellant might be a good employee if there could be found a "sheltered setting that would allow him to become gradually accustomed to the demands of regular employment." The pertinent Federal regulation [45 CFR 233.90 (c) (IV)] requires of a state plan, for incapacity, that it

> must be of a debilitating nature as to reduce substantially or eliminate the parent's ability to support or care for the otherwise eligible child and be expected to last for a period of at least 30 days.

It also provides that

> in making the determination of ability to support, the agency shall take into account the limited employment opportunities of handicapped individuals.

These criteria we deem fully met by the record, and inconsistent with the Board's determination, particularly since the applicant resides in an area we judicially notice to rank consistently as one of highest unemployment in the state.

■ Additional basis for reversal is afforded by inconsistency in the Board's own conclusions. It found on the one hand that the applicant was not disabled in the sense that his incapacity was not of a nature to reduce substantially or eliminate his ability to support [45 CFR 233.90 (c) (IV), *supra*], yet it found him qualified for rehabilitation training. The regulation that the State must operate under to qualify for funds under this program is contained in 45 CFR 401.33 (b), set forth verbatim in the State Plan for Vocational Rehabilitation Services, § 7.1. One of the basic conditions for such services is the presence of a physical or mental disability which for the individual constitutes or results in a sub-

stantial handicap to employment. It is apparent that each program requires an incapacity that results in a "substantial" reduction in employability. The Board both found, and refused to find, this criterion. We have little hesitancy in upsetting a determination that is self-contradictory. The "strong credence" which we accord to the "recognized competence and expertise" of a regulatory board [cf. *Schneider* v. *Vermont Employment Security Board*, 133 Vt. 187, 190, 333 A.2d 104 (1975); *Ellis* v. *Department of Employment Security*, 133 Vt. 533, 536, 346 A.2d 221 (1975)] necessarily disappears in the presence of self-contradiction. The clear and convincing evidence below, little of which is in conflict, indicates appellant's eligibility for ANFC benefits as a matter of law.

*The judgment of the Human Services Board is reversed, and the cause remanded for determination and payment to the claimant of appropriate benefits, in accordance with the views herein expressed.*