# Eubern Frost, Sr. v. Department of Employment Security

[370 A.2d 203]

No. 130-74

Present: Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.

Opinion Filed February 1, 1977

*Ryan & Ryan,* Montpelier, *Robert W. Gagnon* of *McKee, Giuliani & Cleveland,* Montpelier, for Plaintiff.

*Raymond S. Fitzpatrick* and *David M. Wilson,* Montpelier, for Defendant.

**Per Curiam.** The appellant Eubern Frost, Sr., a claimant for unemployment compensation benefits, appeals the decision of the Vermont Employment Security Board disqualifying him for those benefits. Claiming that the Board rendered findings unsupported by the evidence and that it neglected to find certain undisputed matters, the appellant argues that the Board's decision be reversed. Upon review of the record, we disagree and affirm the Board's determination.

The facts surrounding the appellant's termination of employment with his former employer Buttura and Sons, Inc. are generally undisputed. In early 1974, the appellant, a shaper in the granite trade, was offered employment with another granite firm at a substantially higher wage. On January 11, 1974, he informed John Buttura, an officer of the corporation with which he was employed, of this offer and gave him two

weeks to decide if Buttura and Sons would match the wage increase. The appellant was called into Mr. Buttura's office on January 14 and told that his offer could not be met. Mr. Buttura then stated to the appellant that "you might as well pick up your tools and go home at noon." Upon leaving Buttura and Sons, the appellant was informed that his employment with the other firm would not commence for three weeks.

■ The gist of the appellant's argument before this Court is that the statement by Mr. Buttura at the January 14 encounter was a discharge, thereby preventing the appellant from "working out" his notice period. The controlling statute provides that a claimant shall be disqualified for benefits if the individual left the employ of his last employing unit voluntarily without good cause attributable to such employing unit. 21 V.S.A. § 1344(a)(2)(A). The volitional character of Mr. Buttura's statement is challenged by the appellant. The Board was faced with conflicting evidence concerning the facts surrounding the appellant's termination of employment with Buttura and Sons, Inc. The statement by Mr. Buttura was interpreted by the Board as an indication by Mr. Buttura to the appellant that he could leave immediately to work with the other firm at the higher wage. There was credible evidence before the Board to support its finding that Mr. Buttura believed that the appellant was to go on the new job immediately and that the appellant left Buttura's employ voluntarily without good cause attributable to the employer. The weight to be given the testimony and the inferences to be drawn therefrom are matters properly for the Board, not for this Court. These findings and the Board's conclusions must stand. *Lane* v. *Department of Employment Security,* 134 Vt. 9, 11, 347 A.2d 454 (1975); *Lafountain* v. *Vermont Employment Security Board,* 133 Vt. 42, 46, 330 A.2d 468 (1974).

■ The appellant further argues that he was entitled to have the Board render an express finding with respect to his intention to give a notice to his former employer and to make findings with respect to the notice provisions which prevailed at Buttura and Sons, Inc. Findings are sufficient if they dispose of the issues presented and make a clear statement of the trier's decision and the basis upon which that decision was made. *Wells* v. *Village of Orleans, Inc.,* 132 Vt. 216, 223, 315 A.2d 463 (1974). The findings

rendered by the Board fully comport with this standard; further findings were not necessary.

*The order of the Employment Security Board is affirmed.*