### Jan MacDonald v. Department of Employment Security

[385 A.2d 1117]

No. 236-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 13, 1978

*Elliot M. Burg,* Vermont Legal Aid, Inc., Rutland, for Plaintiff.

*Michael F. Ryan,* Montpelier, for Defendant.

**Billings, J.** Appellant was employed as a waitress at the Bardwell Hotel. On March 12, 1977, after an altercation with another employee, she advised the owner that she was giving two weeks' "formal notice" of intention to leave her employment. The owner told her to think the matter over, and two days later she returned and insisted on giving the employer a two-week notice of termination "as a courtesy." The employer advised her that she could remain in the employment but that no notice was required or was customary in the trade and that if she was going to leave her employment, it would be terminated forthwith. The appellant left immediately.

The appellant applied for unemployment benefits claiming that she had been wrongfully discharged. The claimant was disqualified from receiving such benefits since the Vermont Employment Security Board found that she left her last employing unit voluntarily without good cause attributable to such employing unit. 21 V.S.A. § 1344(a) (2) (A). Appellant has appealed this decision.

Appellant argues that we should give a liberal construction to the statutes here involved because of their remedial and beneficial purpose, and we have so held; but it does not follow that every claim for compensation must be allowed where the general policy of the statute does not encompass it.

This general policy as expressed in 21 V.S.A. § 1344(a)(2)(A) bars an applicant's claim when "[h]e has left the employ of his last employing unit voluntarily without good cause attributable to such employing unit." This expresses the general principle that unemployment compensation is not a benefit available to him at his election, but rather one to which he gains entitlement by circumstances less within his control. *Lane* v. *Department of Employment Security,* 134 Vt. 9, 10, 347 A.2d 454 (1975). The basic issue here for determination is whether the appellant quit her job or was fired. Absent an employment contract provision or a trade usage as to notice to quit, an employee's options do not include a right to specify a future effective date of termination. A voluntary quit is without good cause if it is conditioned in a manner not within the options open to the employee. To hold otherwise would be to allow the employee unilaterally to write a new contract of employment.

From a review of the record, the Board's finding that appellant was given the choice of remaining on the job or leaving immediately was amply supported, and she chose the latter. *Frost* v. *Department of Employment Security,* 135 Vt. 39, 370 A.2d 203 (1977).

*Affirmed.*

**Hill, J.** dissenting. On March 14, 1977, claimant notified her employer that she planned to quit in two weeks and that she was giving two weeks' notice as a courtesy. The employer responded that she could remain in employment, but if she was going to leave she must leave immediately. Claimant persisted in giving notice, whereupon the employer refused to let her work further. A majority of this Court, agreeing with the appeals referee and the Employment Security Board, find that claimant has thereby voluntarily quit her job without good cause attributable to her employer. 21 V.S.A. § 1344(a)(2)(A). I disagree.

In this cause, claimant's loss of job was caused by her persistent violation of the employer's stated policy of refusing to accept notice. This is not a voluntary quit; rather it is a discharge for misconduct, for failure to abide by the rules

of the employer. This situation is no different from one where, for example, an employee is discharged for failure to comply with an employer's policy requiring the use of appropriate safety equipment on the job, or for chronic lateness.

The majority expresses concern that to find a discharge here would allow the employee unilaterally to write a new contract, by implying a term granting the employee the right to give two weeks' notice. I do not agree that a finding of discharge would have this effect.

When claimant insisted that she was leaving in two weeks, although apprised of the consequences, the employer was justified—as a matter of contract law—in refusing to let her work further. We are here concerned, however, not with the rights of claimant and her employer under their employment contract, but with claimant's status under the Vermont unemployment compensation law. The contract rights of claimant and her employer would not be affected by a finding that—as a matter of unemployment compensation law—claimant was discharged.

The proper question for the appeals referee and the Board was whether the discharge was for misconduct of the type that disqualifies claimant from benefits. See 21 V.S.A. § 1344 (a) (1). To disqualify a discharged employee from benefits, her misconduct must demonstrate substantial disregard for the employer's interests. *In re Therrien*, 132 Vt. 535, 537, 325 A.2d 357, 358 (1974). Giving two weeks' notice as a courtesy does not constitute such substantial disregard. Cf. *id.* (employee's absences from work for good cause, with appropriate notice to employer, while perhaps grounds for discharge, do not disqualify an employee from benefits). Therefore, I would reverse the decision of the Employment Security Board. I would hold that, as a matter of law, claimant was not disqualified from receiving benefits by reason of voluntary quit or misconduct for the two week notice period during which she was willing and able to work, but prevented from so doing.