**Dennis J. Turco v. Department of Employment Security
(Stacey Fuel and Lumber Co., Appellant)**

[446 A.2d 345]

No. 225-81

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed April 6, 1982

*James C. May*, Vermont Legal Aid, Inc., Springfield, for Plaintiff.

*Davis, Rounds & Mayhew, P.C.*, Windsor, for Defendant.

**Peck, J.** This is an appeal, taken by the employer, from a decision of the Employment Security Board holding that the claimant Dennis J. Turco was qualified for unemployment benefits, having left his last employing unit for good cause attributable to the employer. 21 V.S.A. § 1344(a)(2)(A). The Board's decision reversed previous rulings of the claims examiner and of the appeals referee finding claimant disqualified under § 1344.

Appellant does not challenge here the Board's findings of fact. In any case, an examination of the record below shows the findings to be amply supported by the evidence. The scope of our review is thus narrowed to determining whether the findings support the Board's conclusions, and the conclusions its decision. *Schneider* v. *Vermont Employment Security Board*, 133 Vt. 187, 189, 333 A.2d 104, 105 (1975).

The controlling statute, 21 V.S.A. § 1344(a)(2)(A), reads in pertinent part:

(a) An individual shall be disqualified for benefits:

. . . .

(2) For any week benefits are claimed . . . until he has presented evidence to the satisfaction of the commissioner that he has performed services in employment for a bona fide employer and has had earnings in excess of

six times his weekly benefit amount if the commissioner finds that such individual is unemployed because:

> (A) He has left the employ of his last employing unit voluntarily without good cause attributable to such employing unit.

The sole issue on appeal is whether the Board erroneously concluded that the good cause for claimant's leaving was attributable to appellant. " 'Good cause attributable to an employer' is an amorphous phrase requiring analysis as it pertains to each individual situation." *LaRose* v. *Department of Employment Security*, 139 Vt. 513, 517, 431 A.2d 1240, 1243 (1981) (Hill, J., dissenting).

Claimant was last employed, as a burner technician, by appellant for a period of fourteen months. During the last months of his employment claimant suffered some degree of harassment from his fellow employees, primarily because of his religious beliefs. Appellant contends that claimant's "religious proselytizing" was the source of these difficulties. There is, however, insufficient evidence in the record to support this claim. Moreover, although aware of the problem, appellant took no action to alleviate it.

Prior to January 26, 1981, appellant received information from several employees that claimant was performing outside work during employment hours and that he had stolen company equipment. Significantly, appellant knew that the employees making these allegations were the same individuals who had previously expressed disapproval of claimant's religious beliefs. Nevertheless on January 26, 1981, appellant's vice-president lured claimant into a vehicle on a pretext and drove to claimant's home where he confronted him with the allegations of wrongdoing and requested permission to search the dwelling. Claimant readily agreed, the search was conducted and, to quote the Board, "Nothing was found since the claimant had stolen nothing."

Soon thereafter claimant asked appellant to disclose the names of his accusers so that the problem could perhaps be remedied. Appellant not only refused to disclose the names or set up a meeting but on January 28, 1981, instructed claimant to assist a co-worker wash trucks even though the employer knew that the co-worker was one of the employees that had accused claimant of wrongdoing. Not surprisingly this assign-

ment did not prove harmonious as the co-worker physically rejected claimant's assistance. Claimant immediately went to appellant's vice-president, complained of harassment and announced his intention to quit. As claimant was leaving the vice-president made no effort to address the problem but instead instructed him to return his work uniforms.

Based on these facts, as found, the Board concluded that the claimant had sustained the burden of substantiating his claim. *Spaulding* v. *Department of Employment Security*, 139 Vt. 562, 564, 433 A.2d 269, 270 (1981). We agree.

In affirming the Board's decision it is not necessary to establish a broad duty on employers to referee disputes between employees. We think that in the circumstances presented here a reasonable person would be expected to act as claimant did in leaving his employment. Cf. *Palucci* v. *Department of Employment Security*, 135 Vt. 156, 159, 376 A.2d 14, 16 (1977) (reasonable person standard for determining "good cause" to refuse offer of employment). Furthermore given the history of harassment, appellant's knowledge of it, the employer's failure to address the problem, and the seemingly calloused indifference to claimant's plight we cannot say that the Board erred in concluding that the leaving was with good cause attributable to the employing unit. This is particularly true in light of the " 'recognized competence and expertise' with which we credit a regulatory body." *Kuhn* v. *Department of Employment Security*, 134 Vt. 292, 295, 357 A.2d 534, 536 (1976) (quoting *Schneider* v. *Vermont Employment Security Board, supra*, 133 Vt. at 190, 333 A.2d at 106).

*Affirmed.*