*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-343

JANUARY TERM, 2011

| | | |
|---|---|---|
| Tejasinha Sivalingam | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Employment Security Board |
| | } | |
| | } | |
| Department of Labor | } | DOCKET NO. 04-10-219-01 |
| (Hunger Mountain Cooperative, Inc., | } | |
| Employer) | } | |

In the above-entitled cause, the Clerk will enter:

Claimant appeals pro se from the denial of his request for unemployment compensation. He argues that he is entitled to benefits because he was involuntarily discharged without good cause attributable to his employer. We affirm.

Claimant worked for employer as a cashier for approximately one and a half years. His claim for unemployment benefits was denied by a claims adjudicator in April 2010. The claims adjudicator found that claimant had left his employment voluntarily without good cause attributable to his employer. An administrative law judge sustained this opinion, as did the Employment Security Board.

The Board found as follows. In January 2010, employer noticed that a number of telephone calls had been placed on the company phone to a number in Rutland, Vermont. The charges for these calls totaled approximately $40.00. Employer placed a notice in the employee newsletter reminding employees not to use the company phone for long-distance calls. It also sought to determine who made the calls in question. After discovering that claimant had made the calls, employer sought to speak with him about reimbursement. Claimant asserted that he had been informed earlier that the issue was "taken care of." According to claimant, he resigned because employer told him it would provide him a positive recommendation if he resigned but not if he was discharged. Employer claimed that claimant had approached its human resources manager in February 2010 and inquired whether it would be better for purposes of claiming unemployment if he was discharged or voluntarily quit. Employer responded that the Vermont Department of Labor would determine eligibility for unemployment compensation. Claimant thought the matter over for a few minutes and submitted his resignation.

The Board found it clear that claimant resigned. It explained that under the unemployment statute, claimant had the burden of proving that he had good cause for leaving and that the good cause was attributable to some action on the part of employer.

21 V.S.A. § 1344(a)(2)(A). It concluded that claimant failed to meet that burden here. The Board rejected claimant's assertion that he was being harassed or singled out by employer. It found that employer reasonably sought to control its costs and acted within its management rights by seeking reimbursement for the long-distance calls. Even assuming arguendo that claimant's version of events was true, the Board found nothing in the record to indicate that employer's actions were so extreme or outrageous as to warrant the final step of voluntary separation. It thus denied claimant's request for benefits. This appeal followed.

Claimant offers no argument on appeal. See In re S.B.L., 150 Vt. 294, 297 (1988) (appellant bears burden of demonstrating how the trial court erred warranting reversal, and Supreme Court will not comb the record searching for error); see also V.R.A.P. 28(a)(4) (appellant's brief should explain what the issues are, how they were preserved, and what appellant's contentions are on appeal, with citations to the authorities, statutes, and parts of the record relied on). He simply states his position that he was involuntarily discharged without good cause. The Board concluded otherwise, and its decision is supported by the law and by the record. See Turco v. Dep't of Emp't Sec., 141 Vt. 135, 136 (1982) (Board's decision will be affirmed where findings support the Board's conclusions, and conclusions support Board's decision). As set forth above, employer reasonably sought reimbursement for claimant's personal phone calls, and claimant failed to prove that he had good cause for resigning attributable to employer. We find no error.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Denise R. Johnson, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice