*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-043

JULY TERM, 2011

| | |
|---|---|
| Marion Sibley } | APPEALED FROM: |
| } | |
| v. } | Employment Security Board |
| } | |
| Department of Labor } | DOCKET NO. 11-10-017-03 |
| (Eric Seyferth, M.D., Employer) } | |

In the above-entitled cause, the Clerk will enter:

Claimant appeals pro se from the denial of her request for unemployment benefits. We affirm.

Claimant was employed for almost nineteen years as an office nurse for a doctor. Her last day of work was September 30, 2010. The Employment Security Board determined that claimant was not eligible for unemployment benefits. It made the following findings. Sometime during claimant's last year of employment, the doctor's office switched to an electronic medical records system (EMR). Claimant had one day of training on this new system. Claimant tried to master the new system, but the doctor was concerned by the number of errors that she was making. Claimant's desk was centrally located, and she was often interrupted while entering data into the computer system. On September 30, the office manager called claimant into the doctor's office. The doctor gave claimant a memorandum outlining his concerns with her performance. The memorandum stated that "if satisfactory job performance is not shown in the next two week period, employment will be terminated."

Claimant went home at the close of business. She believed that the doctor had made up his mind and had no intention of continuing her employment beyond the two-week period. Claimant was also scheduled to be on vacation during the two-week period, and she believed that she effectively had only four days in which to improve her performance. On the evening of September 30, claimant called the office manager and stated that she saw no point in returning to work. The office manager called the doctor, and let claimant know that the doctor was disappointed in her decision. As stated above, claimant believed that there was simply no point in returning to work.

Based on these findings, the Board concluded that claimant was not entitled to unemployment compensation benefits because she left her job without good cause attributable to her employer. See 21 V.S.A. § 1344(a)(2)(A). The Board found it clear that claimant initiated the separation when she decided not to return to work under the conditions imposed by the September 30 memorandum. Although the memorandum indicated that claimant would be fired if her performance did not improve, the Board found that this was nonetheless a future event that

might or might not have come to pass. As the Board explained, this Court has consistently held that resignation in anticipation of an event that has not occurred is not good cause under the statute. The Board also noted that claimant's observation of the doctor's intent was somewhat undermined by the fact that he reportedly expressed disappointment at her departure. The Board reasoned that while claimant may have had good personal reasons for choosing to leave, she did not meet her statutory burden of showing that she left with good cause attributable to her employer. Claimant appealed from the Board's decision.

Claimant argues on appeal that she was justified in not returning to work to await the termination of her employment. She describes the circumstances that led to her resignation, including her shock at being given two weeks to improve her performance. Claimant explains that she believed that the doctor's decision was definite and that she was facing termination. She also states that the doctor has changed his position since she resigned, and he now believes that claimant should be allowed to collect unemployment benefits.

Our review of the Board's decision is deferential. We will uphold the Board's findings of fact unless they are clearly erroneous; we will uphold its conclusions of law if they are fairly and reasonably supported by the findings. Bouchard v. Dep't of Emp't & Training, 174 Vt. 588, 589 (2002) (mem.). The Board's decision is supported by the record here.[*]

As set forth above, an individual is disqualified for benefits if he or she "has left the employ of his or her last employing unit voluntarily without good cause attributable to such employing unit." 21 V.S.A. § 1344(a)(2)(A). Claimant bore the burden of proving good cause attributable to her employer. Skudlarek v. Dep't of Emp't & Training, 160 Vt. 277, 280 (1993). "In determining good cause, we must examine each case according to a standard of reasonableness," i.e., what a reasonable person would do in the same situation. Id. "The question of whether a resignation is for good cause attributable to the employer is a matter within the special expertise of the Board, and its decision is entitled to great weight on appeal." Cook v. Dep't of Emp't & Training, 143 Vt. 497, 501 (1983).

The record shows that claimant decided to resign because she believed that she would be fired. This assumption was somewhat undermined by her employer's disappointment that she had decided not to return to work. More significantly, as the Board recognized, we have held that "a quit for something that is only a future possibility and has not actually yet occurred does not justify the award of benefits." Kasnowski v. Dep't of Emp't Sec., 137 Vt. 380, 382 (1979); see also Hamilton v. Dep't of Emp't Sec., 139 Vt. 326, 329 (1981) (recognizing "that an employer allowing an employee the alternatives of 'shaping up or shipping out' does not provide support for concluding that a resignation is coerced"). This standard serves the statutory purpose of providing "compensation for involuntary unemployment, with disqualification and penalties where the unemployment is due to choice or fault." Lane v. Dep't of Emp't Sec., 134 Vt. 9, 11

---

[*] In reaching our decision, we are limited to the evidence in the record, and thus, do not consider claimant's assertion that her employer now believes that she should be entitled to unemployment compensation benefits. Hoover v. Hoover, 171 Vt. 256, 258 (2000) (stating Supreme Court's review on appeal is confined to the record and evidence presented at trial; Court cannot consider facts not in the record). In any event, the ultimate determination of claimant's eligibility for benefits is a question for the Board.

(1975). In this case, employer provided claimant a two-week period in which to improve her performance. While this is a short period, it is possible that it could have been extended, or that other factors, such as claimant's long tenure, might have led to a revised performance plan. It is also possible that claimant's performance would have improved during this period to a point where employer would not terminate her. Claimant was given the opportunity to improve her performance, but she decided instead to voluntarily depart. See Lane, 134 Vt. at 11 (reaching similar conclusion). Claimant failed to establish that she left for good cause attributable to her employer, and we find no error.

In her argument, claimant asked for a compassionate forum of justice that would recognize that although she voluntarily left her job, the shock of the employer's demand upon her made her action understandable. We accept this request and her need for the unemployment compensation, but we are required to ground our decision in the law.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice