*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-211

FEBRUARY TERM, 2017

| | | |
|---|---|---|
| Eric Gracie | } | APPEALED FROM: |
| | } | |
| | } | Employment Security Board |
| v. | } | |
| | } | |
| Department of Labor | } | DOCKET NO. WH 9101 |
| (George Wohlgemuth Landscape, Employer) | } | |

In the above-entitled cause, the Clerk will enter:

Employer George Wohlgemuth, d/b/a George Wohlgemuth Landscape, appeals pro se from a decision by the Employment Security Board ordering him to pay claimant $2014.25 in unpaid overtime. We affirm.

Employer owns a landscaping business, which employed claimant. In October 2014, claimant filed a claim for unpaid overtime wages. He provided evidence that, while employed by employer, he had worked 177.5 overtime hours for which he was not paid at one-and-one-half of his regular wage rate. When contacted by the Wage and Hour Division, employer conceded that the overtime hours claimed were "probably accurate." Employer explained that he believed that landscapers were exempt from the state's overtime laws. In January 2017, the Wage and Hour Division determined that employer owed claimant $2041.25 in unpaid wages. Employer contested this determination, and the case was set for a formal hearing before an ALJ. Both parties appeared and testified.

The ALJ made the following findings. Claimant provided seasonal work for employer in May 2013 and again in April 2014. Claimant was initially paid $18.00 per hour. After claimant's first week, employer raised claimant's pay to $20.00 per hour to entice him not to work elsewhere. Around that same time, claimant asked employer whether employer paid overtime wages if claimant worked more than forty hours per week; claimant explained that he had received overtime wages from two other landscaping employers. Employer told claimant that he did not pay overtime. Employer believed that his business qualified as an agricultural enterprise and thus, that he was exempt from the overtime law.

After claimant's third week of work, employer raised claimant's hourly wage to $23.00. Employer testified that he and claimant agreed that employer would increase claimant's hourly rate to $23.00 in lieu of paying him overtime at the time-and-a-half rate. Claimant was adamant that he never agreed to a wage of $23.00 per hour in lieu of overtime, and that employer increased his wage to $23.00 per hour to encourage him to continue working for employer. The ALJ credited claimant's testimony, noting that employer had twice conceded to the Wage and Hour Division that he owed claimant overtime wages.

In any event, the ALJ explained, employer's obligation to pay overtime wages existed regardless of any purported agreement between the parties. The relevant law, 21 V.S.A. § 384(b), provides that "an

employer shall not pay an employee less than one and one-half times the regular wage rate for any work done by the employee in excess of forty hours during a workweek." There are seven categories of exemptions to this rule, but employer's landscaping business did not fall within any of them. Thus, the ALJ concluded that employer was obligated to pay claimant at the overtime rate when he worked more than forty hours per week.

Employer appealed to the Board, which sustained the ALJ's decision and adopted the ALJ's conclusions as its own. The Board recognized that employer continued to assert that claimant had agreed to accept a higher wage in lieu of overtime payments. It explained that the ALJ had found claimant's version of events more credible on this point, and that it would not second-guess the ALJ's credibility determination on appeal. The Board found that employer might have given claimant a raise as a good-faith attempt to compensate him for the absence of an overtime differential. The Board also believed that employer was operating under the honest, if mistaken, belief that he was under no obligation to pay his landscapers overtime. The fact that employer was operating under a misapprehension of the law, however, did not relieve him of his obligation under that law. The Board thus concluded that employer must pay claimant $2014.25 in unpaid overtime. This appeal followed.

On appeal, employer reiterates his contention that he had an agreement with claimant to pay a higher wage in lieu of overtime. He maintains that the ALJ erred in finding otherwise and that claimant should have been deemed not credible. Employer argues that he has additional evidence on this point—notarized statements from two individuals—and that this evidence should be accepted. Employer also contends that claimant received more money through the wage increase than he would have earned through overtime wages at the lower fixed rate, and thus claimant suffered no damages. Finally, employer asserts that employers and employees should be allowed to reach agreements not to pay overtime.

Our review of the Board's decision is deferential. Fleece on Earth v. Dep't of Emp't & Training, 2007 VT 29, ¶ 4, 181 Vt. 458. "To the extent that the appeal challenges the Board's findings, the Court construes the record in a manner most favorable to the Board's conclusions, and affirms the Board's findings if they are supported by credible evidence, even if there is substantial evidence to the contrary. We must uphold the Board's judgment absent a clear showing that it is mistaken." Id. (quotation and citations omitted). We find no basis to disturb the Board's decision here.

We affirm the Board's decision on the basis of the factual findings. The ALJ credited claimant's testimony over that provided by employer, and this Court, like the Board, does not reweigh the evidence on appeal. See Frost v. Dep't of Emp't Sec., 135 Vt. 39, forty (1977) ("The weight to be given the testimony and the inferences to be drawn therefrom are matters properly for the Board, not this Court."). Employer's legal arguments are all based on his factual claim that claimant agreed to accept $23.00 per hour in lieu of receiving time-and-a-half for overtime work at a $20.00 per hour base salary. The ALJ and ultimately the Board found employer's factual premise to be unsupported; that is, the ALJ found more credible claimant's testimony that he and employer made no purported agreement to substitute a higher rate of straight pay for the statutory overtime pay. The Board deferred to this factual finding. There is evidence in the record to support this finding including claimant's own testimony. We will not reweigh the evidence on appeal.

We likewise reject the argument that the ALJ abused her discretion by declining to give employer more time to develop evidence that claimant had agreed to waive his right to overtime. The hearing was duly noticed, and employer had ample opportunity to bring his evidence.

2

Plus, like the ALJ and the Board, we agree that even if employer had provided additional evidence of an agreement with claimant, the result would be the same. The parties could not, as a matter of law, agree to ignore the overtime laws. The language of 21 V.S.A. § 384(b) is mandatory. See State v. Rafuse, 168 Vt. 631, 632 (1998) (mem.) (explaining that "[s]tatutes generally use 'shall' as imperative or mandatory language," and "[i]n its ordinary significance, it is a word of command, and it is inconsistent with a concept of discretion"). An employer must pay overtime wages for work in excess of forty hours per week unless the employer falls within certain categories set forth by statute. Employer's landscaping business does not fall within any exemptions to the overtime law. See also, e.g., Reich v. Stewart, 121 F.3d 400, 407 (8th Cir. 1997) ("[T]he fact that [the employee] did not seek overtime pay is irrelevant because [the employee] cannot waive his entitlement to [Fair Labor Standard Act] benefits") (citing Mumbower v. Callicott, 526 F.2d 1183, 1188 (8th Cir. 1975)).

Employer argues that if he and claimant can reach an agreement now to settle the disputed overtime claim, they should have been able to agree in advance to structure claimant's compensation in a way that did not include overtime. In making this argument, employer confuses the parties' authority to, by mutual agreement, resolve an existing disputed claim with the ability to waive the mandatory law in advance. Resolution of existing legal disputes may be encouraged. See, e.g., 21 V.S.A. § 342a(c) (authorizing Commissioner, upon determining that wages are due, to attempt to settle the matter between the employer and employee). But attempts to waive mandatory wage and hour laws are an entirely different matter. As noted above, the law does not allow such agreements. As one court has explained, the overtime wages requirement serves "to 'spread employment' by putting pressure on the employer," and "to compensate an employee in a specific manner 'for the strain of working longer than forty hours.' " Dunlop v. Gray-Goto, Inc., 528 F.2d 792, 794 (10th Cir. 1976) (quoting Bay Ridge Co. v. Aaron, 334 U.S. 446, 470 (1948)) (interpreting similar requirement under federal Fair Labor Standards Act). Allowing parties to circumvent the overtime pay requirements through private agreements "would thwart the legislative policy [that the law] was designed to effectuate." Id. (reaching similar conclusion) (citing Brooklyn Bank v. O'Neil, 324 U.S. 697, 704 (1945) (holding that "[w]here a private right is granted in the public interest to effectuate a legislative policy, waiver of a right so charged or colored with public interest will not be allowed when it would thwart the legislative policy which it was designed to effectuate"). The Board did not err in concluding that employer must pay overtime wages to claimant.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

3