VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.          25-AP-272

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

# ENTRY ORDER

JANUARY TERM,   2026

Stevens Law Office\* v. Department of
Labor (Kylie Cordner)

}
}
}
}

APPEALED FROM:

Employment Security Board
CASE NO. 11-24-081-01

In the above-entitled cause, the Clerk will enter:

In this appeal, employer challenges the Employment Security Board's determination that claimant was entitled to unemployment compensation.  We affirm.

The record indicates the following.  Claimant applied for unemployment compensation after employer terminated her from her position as a paralegal.  A claims adjudicator rejected employer's argument that claimant was discharged for misconduct related to her work and thus should be disqualified from receiving benefits.  A hearing officer upheld this decision.  The hearing officer found that before being hired by employer, claimant worked for two years at another law firm.  Her title at that job was "Litigation Paralegal."  Employer decided to hire claimant for a trial period based on what appeared to be some gaps in her skill set as a paralegal. The parties signed a contract covering the first thirty days of claimant's employment.  While employer praised claimant in many areas, it found her legal skills wanting and discharged her at the end of the thirty-day trial period.

The hearing officer explained that under 21 V.S.A. § 1344(a)(1)(A), an individual is disqualified for benefits if the person "has been discharged by the individual's last employing unit for misconduct connected with the individual's work."   "To be disqualified from unemployment compensation benefits, an individual must act in substantial disregard of his employer's interests, either wilfully or with culpable negligence," Favreau v. Dep't of Emp. & Training, 151 Vt. 170, 174-75 (1989), and the employer bears the burden of proof on this question, Johnson v. Dep't of Emp. Sec., 138 Vt. 554, 555 (1980).  Here, employer alleged that claimant misrepresented her abilities by referring to herself as a "litigation paralegal" on her resume.  The hearing officer found that, while the title may have been overly optimistic, it was the title bestowed upon her by her prior employer.  The hearing officer found no disqualifying conduct here, even if employer could have reasonably decided to discharge claimant.

The Board adopted the hearing officer's findings and conclusions as its own.  It reiterated the applicable legal standard referenced above.  It agreed with the hearing officer that employer failed to meet its burden of establishing disqualifying misconduct.  It found that claimant did not

misrepresent her experience and competency by identifying her prior job title as "litigation paralegal." That was in fact her job title and it was not false for her to include that title on her resume. See In re Gray, 127 Vt. 303, 305 (1968) (holding that misrepresentations on claimant's job application that were not motivated by intent to misrepresent, conceal, or falsify did not constitute disqualifying misconduct). The Board noted that employer had imposed a thirty-day trial period for claimant, which suggested that employer was unsure of claimant's skills and wanted to assess them, and employer assigned claimant a job title of "Legal Assistant," not "paralegal." Finally, the Board observed that Vermont did not impose any license requirements or otherwise regulate the profession of paralegals and claimant did not hold herself out as a member of a profession requiring certification that she did not possess. She did not demonstrate any intent to conceal, falsify, or misrepresent her previous experience on her resume. Employer decided to discharge claimant based on her performance, and its decision to do so may have been reasonable and justified. This nonetheless did not meet the standard necessary to disqualify her for benefits. Employer now appeals.

Our review of the Board's decision is "highly deferential." 863 To Go, Inc. v. Dep't of Labor, 2014 VT 61, ¶ 8, 196 Vt. 551. The Board's factual findings will stand "unless clearly erroneous," and we will uphold the Board's "conclusions if reasonably supported by the findings." Id. We presume that "[d]ecisions within the Board's expertise are . . . correct unless there is a clear showing to the contrary." Id.

Employer provides its version of the evidence. It argues that the Board should have found that claimant misrepresented her paralegal skills, apparently by indicating that she was a "Litigation Paralegal" at her prior job. Employer argues that this inaccurate representation along with its dissatisfaction with claimant's performance constitutes misconduct.

The Board was unpersuaded by employer's arguments as set forth above. It found that claimant accurately stated her prior job title and that employer's dissatisfaction with her performance did not demonstrate misconduct. Essentially, employer asks this Court to reweigh the evidence, which is not our role. "The weight to be given the testimony and the inferences to be drawn therefrom are matters properly for the Board, not for this Court." Frost v. Dep't of Emp. Sec., 135 Vt. 39, 40 (1977). The Board's conclusion is supported by its findings, which are in turn supported by the evidence. We thus affirm its decision.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Nancy J. Waples, Associate Justice

2