VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.        25-AP-299

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,   2026

Brenda Bailey\* v. Department of Labor        }        APPEALED FROM:
(ADA Traffic Control)                                          }
                                                                         }        Employment Security Board
                                                                         }        CASE NO. 03-25-087-01


In the above-entitled cause, the Clerk will enter:

Claimant is self-represented in her appeal from the denial of her request for unemployment compensation benefits.  We affirm.

The record indicates the following.  Claimant worked for employer as a flagger, last working in July 2024.  Thereafter, she sought unemployment compensation.  In its response to the claim, employer asserted that claimant voluntarily quit as she indicated that she would get in touch with employer when she had reliable transportation, and she did not contact employer for more than four months.  Employer asked claimant to return her uniform in November 2024.

A claims adjudicator denied claimant's request for unemployment compensation, noting that claimant had not responded to requests for additional information.  The claims adjudicator found based on the available information that claimant voluntarily left her employment without good cause attributable to her employer.  See 21 V.S.A. § 1344(a)(2)(A) (providing that claimants are disqualified for benefits where they left "last employing unit voluntarily without good cause attributable to such employing unit," with burden on claimant to show good cause).  Claimant filed a document construed as a notice of appeal, and notice was sent to both parties regarding a telephone hearing before an administrative law judge (ALJ).  Neither party participated in the hearing.  Given the absence of any additional information, the ALJ found no basis to disturb the decision by the claims adjudicator.  Claimant appealed to the Employment Security Board, and both parties presented argument.  See id. § 1349(c) (providing that "Board may affirm, modify, or reverse the decision of the [ALJ] solely on the basis of evidence in the record transferred to it by the [ALJ], or upon the basis of evidence in the record and any additional evidence the Board directs to be taken").  The Board affirmed the ALJ's decision. This appeal followed.

Claimant argues on appeal that employer retaliated against her and suggests that she did not quit due to transportation issues.  In support of these arguments, she raises factual assertions that were not presented at the evidentiary hearing below.  We thus do not consider these allegations.  See Hoover (Letourneau) v. Hoover, 171 Vt. 256, 258 (2000) ("[O]ur review is

confined to the record and evidence adduced at trial. On appeal, we cannot consider facts not in the record.").

To the extent that claimant argues that the Board's decision is not supported by the record, we reject that argument. Our review of the Board's decision is "highly deferential." 863 To Go, Inc. v. Dep't of Labor, 2014 VT 61, ¶ 8, 196 Vt. 551. We will affirm the Board's findings where they are "supported by credible evidence, even if there is substantial evidence to the contrary," Cook v. Dep't of Emp. & Training, 143 Vt. 497, 501 (1983), and its conclusions where they are "reasonably supported by the findings," 863 To Go, Inc., 2014 VT 61, ¶ 8. The evidence, which includes employer's assertions about the circumstances of claimant's separation from employment, supports the Board's decision that claimant left her "last employing unit voluntarily without good cause attributable to" employer. 21 V.S.A. § 1344(a)(2)(A). "The weight to be given the testimony and the inferences to be drawn therefrom are matters properly for the Board, not for this Court." Frost v. Dep't of Emp. Sec., 135 Vt. 39, 40 (1977).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Nancy J. Waples, Associate Justice

2